Yongmoon Kim, Esq.
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com

Ronald I. LeVine, Esq.
ron@ronlevinelaw.com
Eileen L. Linarducci, Esq.
elinarducci@ronlevinelaw.com
LAW OFFICE OF RONALD I. LEVINE, ESQ.
210 River Street, Suite 11
Hackensack, NJ 07601
Tel. (201) 489-7900
Fax (201) 489-1395
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TERRY L. KLOTZ, *on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>CELENTANO, STADTMAUER & WALENTOWICZ, LLP and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Terry L. Klotz, individually and on behalf of all others similarly situated, by way of Complaint against Defendants, Celentano, Stadtmauer & Walentowicz, LLP and John Does 1 to 10 says:

## I. NATURE OF THE ACTION

1. This action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Trenton Vicinage, as Defendants regularly do business in this district.

## III. PARTIES

4. Plaintiff, Terry L. Klotz, is a natural person residing in Bergen County, New Jersey.

5. Defendant, Celentano, Stadtmauer & Walentowicz, LLP ("CS&W"), is a collection law firm with an office located at 1035 Route 46 East, Suite 208, Clifton, New Jersey 07015.

6. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

## IV. FACTS

7. CS&W is not in the business of extending credit, selling goods or services to consumers.

8. CS&W regularly collects or attempts to collect debts.

9. CS&W regularly collects or attempts to collect defaulted debts.

10. CS&W regularly collects or attempts to collect debts allegedly owed to others.

11. CS&W regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

12. CS&W is in the business of collecting defaulted debts or alleged debts of natural persons.

13. When attempting to collect debts, CS&W uses the mails, telephone, the internet and other instruments of interstate commerce

14. Defendant has asserted that Plaintiff allegedly owed a certain financial obligation arising out of a medical account ("Debt" or "Account").

15. The Debt is alleged to arise from one or more transactions.

16. The Debt arose from one or more transactions which were primarily for a consumer's personal, family, or household purposes.

17. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

18. Defendant contends that the Account is past-due and in default.

19. The Account was assigned to Defendant for collection.

20. The Account was past-due and in default when it was placed with or assigned to Defendant for collection.

21. In an attempt to collect the Debt, Defendant mailed collection letters to Plaintiff on January 8, 2018, and March 26, 2018 ("CS&W Letters").

22. A true copy of the CS&W Letters, but with redactions, is attached as **Exhibit A**.

23. Plaintiff received and reviewed the CS&W Letters.

24. However, Plaintiff is not legally obligated to pay the Debt.

25. In fact, Plaintiff did not incur the Debt.

26. Plaintiff did not receive any medical services relating to the Debt.

27. In fact, the late husband of Plaintiff is the recipient of the medical services relating to the Debt.

28. Thus, Plaintiff does not owe any money to the hospital.

29. Plaintiff never guaranteed or agreed to pay to for her late husband's Debt.

30. Plaintiff even disputed the Account to Defendant on November 8, 2017, stating that "the information on the letter" is incorrect and that her late husband "had his own insurance."

31. Regardless, Defendant continued their collection efforts.

32. Contrary to Defendant's statement that the Debt is "your indebtedness", Plaintiff was never legally responsible for the Debt.

33. Defendant engaged in false, deceptive, and misleading representations in connection with the collection of the Debt because the collection letters convey to the least sophisticated consumer that:

    a. The non-obligor is automatically obligated to pay the debts of the one's spouse;

    b. The creditor will commence legal action against the non-obligor.

34. Defendant used deceptive tactics to coerce the least sophisticated consumer into paying debts one does not owe by deceiving the least sophisticated consumer into believing that they are legally responsible, that they must choose one of the payment options, and that a lawsuit is forthcoming.

35. During the period from one year before Plaintiff's Complaint was filed to the present, Defendant sent letters the same or similar to the CS&W Letters to numerous New Jersey consumers in an attempt to collect a debt.

36. It is Defendant's policy and practice to send written collection communications, in the form exemplified by Exhibit A, in an attempt to collect consumer debts, which misleads the least sophisticated consumer that one is automatically liable for the debts of the spouse.

## V. CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

38. Subject to discovery and further investigation which may cause Plaintiff to modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> All natural persons with an address in the State of New Jersey, to whom Defendant sent a collection letter on or after January 8, 2018, which letter was seeking to collect a debt incurred by someone other than the addressee.

39. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

40. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

41. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

    a. Whether Defendant is a debt collector under the FDCPA;

    b. Whether Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1); and

    c. Whether Plaintiff and the Class are entitled to statutory damages.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA

statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

43. Plaintiff's claims are typical of the claims of the members of the Class.

44. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

45. Plaintiff does not have interests antagonistic to those of the Class.

46. The Class, of which Plaintiff is a member, is readily identifiable.

47. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer and other complex litigation, and claims of the type asserted in this action.

48. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

49. Plaintiff does not anticipate any difficulty in the management of this litigation.

      VI.    COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff, on behalf of herself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

51. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

52. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

53. The Debt is consumer "debt" as defined by 15 U.S.C. § 1692a(5).

54. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

55. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

56. The CS&W Letters, a copy of which appear as Exhibit A, are "communications" as defined by 15 U.S.C. § 1692a(2).

57. The letters, which are the same or similar in form to Exhibit A, sent by Defendant to New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

58. The CS&W Letters and letters that are the same and similar in form to the CS&W Letters were sent by Defendant to Plaintiff and those similarly situated in an attempt to collect the debts.

59. Defendant's use of the written communication in the form attached as Exhibit A sent to Plaintiff and those similarly situated, violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1) of the FDCPA.

60. The violations of the FDCPA described herein constitute *per se* violations.

61.   Based on any one or more of those violations, Defendant is liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Terry L. Klotz, on behalf of herself and others similarly situated, demands judgment against Defendant, Celentano, Stadtmauer & Walentowicz, LLP as follows:

A.   For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC and Law Office of Ronald I. LeVine, Esq. as class counsel;

B.   An award of actual damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorney's fees and costs causes Plaintiff or the Class a negative tax consequence;

C.   For statutory damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

D.   For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E.   For pre-judgment and post-judgment interest; and

F.   For such other and further relief as the Court deems equitable and just.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/ Yongmoon Kim*
Yongmoon Kim, Esq.

Dated: January 8, 2019