NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRY L. KLOTZ, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CELENTANO, STADTMAUER & WALENTOWICZ, LLP and JOHN DOES 1 to 10,<br><br>Defendants. | Case No: 19-248 (SDW) (SCM)<br><br>**OPINION**<br><br>August 6, 2019 |

**WIGENTON,** District Judge.

Before this Court is Defendant Celentano, Stadtmauer & Walentowicz, LLP's ("Defendant") Motion to Dismiss Plaintiff Terry L. Klotz's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated below, Defendant's motion is **GRANTED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

This action concerns letters that Defendant, a collection law firm, mailed to Plaintiff on January 8, 2018 and March 26, 2018. (Compl. ¶¶ 5, 21, ECF No. 1.) The letters refer to an outstanding debt for medical services Plaintiff's late husband, Peter M. Klotz ("Mr. Klotz"), received from Hackensack University Medical Center (the "Debt"). (*Id.* ¶¶ 14, 18, 27; *id.* Ex. A

at 1, 3.) Despite informing Defendant that her husband "had his own insurance[,]" Plaintiff alleges that Defendant continued its collection efforts. (*Id.* ¶¶ 30-31.)

On January 8, 2019, Plaintiff filed a one-count, putative class-action complaint alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"). On March 1, 2019, Defendant filed the instant Motion to Dismiss. (ECF No. 11.) Plaintiff opposed on April 22, 2019, and Defendant replied on May 17, 2019. (ECF Nos. 17, 22.)

## II. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III. DISCUSSION

The FDCPA, 15 U.S.C. § 1692, *et seq.*, provides private causes of action to consumers who have suffered "the use of abusive, deceptive, and unfair debt collection practices[.]" 15 U.S.C. § 1692(a). To that end, § 1692e of the FDCPA prohibits debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.[1] Additionally, § 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

> To state a claim under the FDCPA, a plaintiff must allege that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."

*Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 280 (3d Cir. 2018) (quoting *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 427 (3d Cir. 2018)). Here, the parties only dispute the sufficiency of the pleadings as they relate to the fourth element. (Def.'s Moving Br. at 5, ECF No. 11-1.)

When evaluating whether a defendant's debt-collection practice violated the FDCPA, courts apply the "least sophisticated debtor" standard. *Levins*, 902 F.3d at 280. "This standard is lower than simply examining whether particular language would deceive or mislead a reasonable

---

[1] Section 1692e provides a non-exhaustive list of conduct that would violate the section, such as falsely representing "the character, amount, or legal status of any debt[,]" § 1692e(2)(A), "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken[,]" § 1692e(5), and using "false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer[,]" § 1692e(10).

3

debtor." *Knight v. Midland Credit Mgmt., Inc.*, 755 F. App'x 170, 174 (3d Cir. 2018) (quoting *Caprio Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 149 (3d Cir. 2013)). It protects "'all consumers, the gullible as well as the shrewd,' 'the trusting as well as the suspicious,' from abusive debt collection practices." *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 454 (3d Cir. 2006). However, a debtor cannot disregard responsibilities or adopt "bizarre or idiosyncratic interpretations of collection notices," as the standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354-55 (3d Cir. 2000) (citations omitted). "Importantly, whether the least sophisticated debtor would be misled by a particular communication is a question of law that may be resolved in a Rule 12(b)(6) motion." *Smith v. Lyons, Doughty & Veldhuius, P.C.,* No. 07-5139, 2008 WL 2885887, at *3 (D.N.J. July 23, 2008) (citations omitted); *see also Devito v. Zucker, Goldberg & Ackerman, LLC*, 908 F. Supp. 2d 564, 568-69 (D.N.J. 2012).

In the instant matter, Plaintiff alleges *inter alia* that "Defendant engaged in false, deceptive, and misleading representations" because its collection letters suggested that Plaintiff was "automatically obligated to pay the debts of [her] spouse[.]" (Compl. ¶ 33.) Even assuming that Plaintiff "never guaranteed or agreed to pay to [sic] for her late husband's Debt[,]" (*id.* ¶ 29), the common law "doctrine of necessaries" presents an exception to the general rule that a person is not liable for the debts of another in the absence of an express agreement. *See Jersey Shore Med. Ctr.-Fitkin Hosp. v. Estate of Baum*, 417 A.2d 1003, 1010 (N.J. 1980). In *Jersey Shore Medical Center-Fitkin Hospital v. Estate of Baum*, the Supreme Court of New Jersey declared that

> both spouses are liable for necessary expenses incurred by either spouse in the course of the marriage. As long as the marriage

> subsists, the financial resources of both spouses should be available to pay a creditor who provides necessary goods and services to either spouse. That conclusion comports with our belief that in most marriages a husband and wife consider themselves as a financial unit in paying necessary expenses incurred by either marital partner. However, a judgment creditor must first seek satisfaction from the income and other property of the spouse who incurred the debt. If those financial resources are insufficient, the creditor may then seek satisfaction from the income and property of the other spouse.

*Id*. at 1005. The Supreme Court further explained that "[t]here is no doubt that the cost of hospital and medical care qualifies as a necessary expense." *Id.* (citing *Capodanno v. Capodanno*, 275 A.2d 441 (N.J. 1971)). Given that the Debt at issue here relates to a necessary expense, *i.e.*, medical care, and because Mr. Klotz did not have an estate that could otherwise pay the Debt,[2] this Court concludes that under the doctrine of necessaries, Defendant could seek satisfaction of the Debt from Plaintiff as the decedent's spouse.[3]

Notwithstanding spousal liability under the doctrine of necessaries, Plaintiff also takes issue with Defendant's January 8, 2018 letter, which begins: "We previously wrote to you and advised that we represent the above named Hospital with respect to *your indebtedness*." (Compl. Ex. A at 1 (emphasis added)). Relying on *Hochberg v. Lenox, Socey, Formidoni, Giordano, Cooley, Lang & Casey, P.C.*, No. 16-5307, 2017 WL 1102637, at *4 (D.N.J. Mar. 24, 2017), Plaintiff argues that she has a plausible claim under the FDCPA because Defendant's reference

---

[2] Defendant asserts that Mr. Klotz did not have an estate, which it confirms with a letter from Bergen County Surrogate's Court. (Def.'s Reply Br. at 5, ECF No. 22; *id.* Ex. A.) Because the non-existence of the decedent's estate is a matter of public record, this Court may consider it on a motion to dismiss without converting the motion to one for summary judgment. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.").

[3] A complaint cannot be amended through the brief of a party opposing a motion to dismiss. *See, e.g., Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Talley v. United States*, No. 11-1180, 2014 WL 282680, at *5 (D.N.J. Jan. 24, 2014). As such, in deciding the instant motion, this Court need not address Plaintiff's allegation, which she raises for the first time in her opposition brief, that the Debt may have included "non-necessaries such as late fees and/or attorney fees." (Pl.'s Opp'n Br. at 24, ECF No. 17.)

to "your indebtedness" suggests that she was directly liable for the Debt, rather than indirectly liable by virtue of her marriage. (Pl.'s Opp'n Br. at 14.) *Hochberg* also concerned a law firm's attempt to collect medical debt incurred by one spouse, namely, Ms. Hochberg. *Hochberg*, 2017 WL 1102637, at *1. After the law firm initiated a collection action against both spouses in state court, Mr. Hochberg sued the firm in federal court. *Id.* In concluding that Mr. Hochberg had sufficiently stated a claim under the FDCPA, the district court noted that the law firm's state-court complaint had alleged both spouses were being sued "for the goods sold and delivered and/or services rendered . . . to [Plaintiff and Ms. Hochberg] upon the promise by [Plaintiff and Ms. Hochberg] to pay the agreed amount." *Id.* at *3. "Nowhere . . . did Defendants clarify that Ms. Hochberg, rather than Plaintiff, received the benefit of the goods and services at issue, or that Plaintiff was only liable for the Debt as her husband, through the doctrine of necessaries." *Id.* at *4. Unlike in *Hochberg*, the collection notices in the instant matter clearly reflect that the services were rendered to Mr. Klotz, who is listed as the patient in Defendant's January 8, 2018 and March 26, 2018 letters. As such, this Court finds that there is nothing objectively misleading in Defendant's letters, even to the "least sophisticated consumer." Because Plaintiff has failed to sufficiently allege that Defendant's communications violated a provision of the FDCPA, the Complaint will be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate Order follows.

s/ *Susan D. Wigenton*  
**SUSAN D. WIGENTON**  
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Steven C. Mannion, U.S.M.J.
    Parties